# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                **Case No. 02-CV-1186**
                                              **(01-Cr-88)**

**BILLY DEE WILLIAMS,**

        **Movant.**

## DECISION AND ORDER

Movant Billy Dee Williams ("Williams"), filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Subsequently, he filed several other motions, which are addressed in this decision and order.

Pending is a motion to rectify (Docket No. 22) which states:

> [Petitioner] ha[s] a section 2255 pending . . . filed on or about November 30, [2]002. Petitioner contends that after reviewing affiant affidavit, search warrant at page #34 alleged the warrant was endorse[d] at 11:09 and not issued or executed, in which the time alleged in his section 2255 at pages # 4 & 5 is incorrect.

(Mot. to Rectify 1.) Williams did not file (or sign) any documents in this action on November 30, 2002, and the above-reference to "his section 2255" is vague. Therefore, the foregoing quoted statements require interpretation.

Williams began this action on December 9, 2002, when he filed his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, and a separate supporting memorandum. His motion to rectify refers to pages four and five of "his section 2255," but does not indicate whether it refers to his § 2255 motion or the supporting memorandum. Neither page four nor page five of Williams's § 2255 motion refer to any time relative to the search warrant, but pages four and five of Williams's memorandum include statements that Agent Nazario obtained a search warrant at about 11:09 p.m. and executed the same at Williams's apartment. Williams wants to modify those statements in his memorandum based on page 34 of an affidavit.

Though not specified by Williams, his reference to page 34 is apparently to exhibit C, Bates stamped "00034," of Exhibits (Docket No. 23), filed by Williams the same day as his motion to rectify. Exhibit C contains an "endorsement on warrant" signed by affiant Agent John Nazario, acknowledging receipt of the warrant on April 21, 1999, at 11:09 p.m. The exhibit does not provide any information regarding the execution of the search warrant. To the extent that Williams's motion to rectify seeks amendment of his memorandum to indicate that the search warrant was endorsed by Agent Nazario at 11:09 p.m., Williams's request is consistent with exhibit C and is granted.

Williams also filed three motions to file supplemental pleadings (Docket No. 27, No. 28 & No. 29), pursuant to Fed. R. Civ. P. 15 (a) & (d).[1] Since the government has filed an

---

[1] Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts permits the application of the Federal Rules of Civil Procedure in Section 2255 actions "to the extent that they are not inconsistent with any statutory provisions and or the [Section] 2255 rules." *See Mayle v. Felix*, ___ U.S. ___, 125 S.Ct. 2562, 2569 (2005) (regarding analogous Rule 11 of the Rules Governing Section 2254 Proceedings in the United States District Courts.)

answer to Williams's § 2255 motion, that portion of Rule 15(a) of the Federal Rules of Civil Procedure which states that leave to file an amended complaint "shall be freely given when justice so requires" applies.

The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

By his motions to file supplemental pleadings, Williams seeks to raise contentions under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and *Crawford v. Washington*, 541 U.S. 36 (2004). However, Williams may not challenge his sentence under *Apprendi*, *Blakely*, or *Booker*, because those cases do not apply retroactively to sentences such as his. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S.Ct. 2559 (2005) (regarding *Booker*); *Simpson v. United States*, 376 F.3d 679, 681-82 (7th Cir. 2004) (regarding *Blakely*); *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002) (regarding *Apprendi*). Likewise, *Bintz v. Bertrand*, 403 F.3d 859, 865-67 (7th Cir.) *cert. denied*, 125 S.Ct. 174 (2005), holds that *Crawford*, 541 U.S. at 36, (holding that earlier testimony is only admissible if the defendant had a prior opportunity to cross-examine), is not retroactive. Because the addition

of the proposed claims to Williams's § 2255 motion would be futile, Williams's motions to file supplemental pleadings are denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Williams's motion to rectify (Docket No. 22) is **GRANTED** to the extent that it seeks amendment of his memorandum to indicate that the search warrant was endorsed by Agent Nazario at 11:09 p.m.; and,

Williams's motions to file supplemental pleadings (Docket No. 27, No. 28 & No. 29), are **DENIED**.

Dated at Milwaukee, Wisconsin this 17th day of July, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**