**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 02-C-1186**
**(01-CR-88)**

**BILLY DEE WILLIAMS,**

**Movant.**

---

## DECISION AND ORDER

---

Movant Billy Dee Williams ("Williams") filed his motion for relief pursuant to 28 U.S.C. § 2255 raising eight grounds for relief, as supplemented by a supporting memorandum. The government filed an answer. Thereafter, the Court granted Williams's request for leave to amend the motion. In his "amended motion," Williams does not add any grounds; rather, he presents arguments and authority regarding grounds five through eight of his original motion. The government filed an amended answer. Williams filed a traverse. Williams's motion is ready for adjudication.

*Background*

On April 23, 2001, Williams was charged in a federal criminal complaint alleging that on April 21, 2001, in Kenosha County, Wisconsin, he knowingly possessed, with intent to distribute 50 grams or more of cocaine base, also known as "crack" cocaine, in violation of

Section 841(a)(1) of Title 21 of the United States Code. On May 1, 2001, a federal grand jury sitting in this district returned a one-count indictment charging Williams with that crime.

On July 20, 2001, Williams entered into a written plea agreement. That same day, Williams appeared before this Court to enter a plea of guilty to the possession with intent to distribute 50 or more grams of cocaine base offense charged in the indictment. A sentencing hearing was conducted on October 24, 2001. Williams was sentenced to 188 months of incarceration with credit for time served. Judgment was entered on October 25, 2001. Williams's retained trial counsel filed a notice of appeal on Williams's behalf. Williams was allowed leave to proceed *in forma pauperis* on his appeal.

The court of appeals permitted trial counsel to withdraw and appointed substitute counsel. Williams's appellate attorney filed a motion to withdraw and brief setting forth potential issues in accordance with *Anders v. California*, 386 U.S. 738 (1967). Williams filed a response to that brief. In an unpublished opinion issued on October 9, 2002, the court of appeals granted counsel's motion to withdraw and dismissed the appeal. *United States v. Williams*, 48 Fed. Appx. 588 (7th Cir. 2002).[1] The court of appeals addressed the potential arguments identified by counsel and those raised by Williams and found that they would be frivolous. *Id*. at 588-91. Among other matters, the court of appeals held that any challenge to the plea agreement would be frivolous. *Id*. at 590.

The court of appeals noted that in Williams's change of plea colloquy, Williams admitted that the following facts are true: On April 20, 2001, the police arrested John Gayden

---

[1]This unpublished order is cited for the sole purpose of discussing the law of the case. *See* 7th Cir. R. 53(b)(2)(iv).

("Gayden") for possession of crack cocaine with intent to deliver. *Id*. at 589. After Gayden told the police that he had purchased the 116.2 of crack cocaine from Williams, the police directed Gayden to arrange another purchase for April 21. *Id*. Gayden telephoned Williams, who agreed to sell Gayden another 250 grams of crack, and agreed to meet Gayden at a shopping mall parking lot on April 21. *Id*. Upon noticing police at the parking lot, Williams fled in his vehicle, leading them on a high speed chase. *Id*. Eventually, the tires on Williams's vehicle blew out and Williams fled. *Id*. The police observed Williams throw a crack-laden plastic bag to the ground as he exited his vehicle. *Id*. After apprehending Williams, police searched Williams's vehicle and found more crack cocaine. *Id*. Police also obtained a search warrant for Williams's apartment and upon executing that warrant found 58.1 grams of crack cocaine, powder cocaine, $41,000 in cash and a loaded gun. *Id*.

*Grounds Raised by Williams*

As ground one, Williams contends the officers violated his Fourth Amendment rights because, after arresting him, they searched his vehicle without consent or a warrant, and after towing and impounding his vehicle, they searched the vehicle again. (Williams's Mem. Law Supp. 28 U.S.C. § 2255 Mot. ("Mem.") 6.)

As ground two, Williams maintains that the search warrant for his apartment was issued in violation of his Fourth Amendment rights because the supporting affidavit did not set forth facts establishing probable cause for the search, the affidavit was based on misleading and fabricated information, and the warrant did not specify the time that the search was to be conducted. (*Id.* at 24.)

As ground three, Williams contends that he was denied effective assistance of trial counsel because counsel did not file pretrial motions, which should have included a motion to suppress evidence seized during the stop and/or suppress testimonial statements obtained from Williams while he was in custody, and counsel did not interview three witnesses. (*Id*. at 40.) Williams states counsel should have interviewed the live-in girlfriend of informant Gayden who would have said that she was the person holding the drugs. (*Id*.) Williams also states that counsel failed to object to the introduction of an unloaded firearm seized from his residence and consideration of that firearm for sentence enhancement purposes. (*Id*.) Williams also asserts that counsel induced him to plead guilty by informing Williams that he would only serve a sentence of ten years or less, and the government would only charge him with aiding and abetting. (*Id*. at 41.) Williams filed an affidavit addressing the claims in ground three. (*See* Williams's Aff. filed Dec. 9, 2002 ("Williams's Aff. I.")

As ground four, Williams maintains his rights to a speedy trial were violated. (*Id.* at 51.) As ground five, Williams maintains that his sentence was improperly enhanced for possessing a firearm. (Mot. Vacate, Set Aside, Correct Sentence 8.) Ground six is that the government did not prove by the preponderance of the evidence that "cocaine base was actual crack." (*Id*.; Petr's Mot. Amend Original § 2255 Mot. 13.) He states that the government did not present any testimonial or "actual" evidence that the substance involved was crack cocaine, and that testing would have established that the substance was cocaine hydrochloride, and he would have received a less severe sentence. (*Id*.)



Case 2:02-cv-01186-RTR Filed 08/29/06 Page 4 of 16 Document 35

As ground seven, Williams states appellate counsel was ineffective. (Mot. Vacate, Set Aside, Correct Sentence at 8; Petr's Mot. Amend Original § 2255 Mot. 16-23.) Williams maintains that before appellate counsel's filing of the *Anders* brief, they discussed issues to be raised on appeal including suppression of physical and testimonial evidence from the *Terry*[2] stop and suppression of illegally seized physical evidence. (Petr's Mot. Amend Original § 2255 Mot. 16. ) He also states that appellate counsel did not heed his request to raise an ineffective assistance of trial counsel claim based on trial counsel's failure to move for suppression of any seized evidence, failure to investigate and interview alibi witnesses who were willing to testify for the defense, and failure to object to the crack enhancement although Williams plead guilty to cocaine hydrochloride. (*Id*. at 16-17.) Williams filed an affidavit in support of this ground. (See Williams's Aff. filed Jan 9, 2003 ("Williams Aff. II."))

As ground eight, Williams states that there was not sufficient evidence to find that he aided and abetted in violation of 18 U.S.C. § 2. (Mot. Vacate, Set Aside, Correct Sentence at 8; Petr's Mot. Amend Original § 2255 Mot. 23-28.)

Williams has not requested an evidentiary hearing.[3]

---

[2]Williams is referring to an investigatory detention under *Terry v. Ohio*, 392 U.S. 1, 21 (1968), which holds that officers may, consistent with the Fourth Amendment, conduct a brief investigatory stop when they have a reasonable, articulable suspicion that criminal activity is afoot.

[3] Nor, has Williams made a showing that might demonstrate a need for an evidentiary hearing. *See United States v. Galbraith*, 313 F.3d 1001 (7th Cir. 2002) (holding that in order to show a need for an evidentiary hearing, a Section 2255 movant must file a detailed and specific affidavit showing he has actual proof of the allegations he is making).

*Government's Answer*

The government's original answer responded that, with the exception of the William's ineffective assistance of trial counsel claim, Williams has procedurally defaulted his claims by failing to raise them in a suppression motion, entering a guilty plea, and failing to raise them on direct appeal. (The government's original answer did not respond to grounds four through eight which were listed on page eight of William's motion to vacate.)

The government's amended answer responds to Williams's ineffective assistance of appellate counsel claim contending that Williams has not shown that any of the claims he raises are stronger than the claims raised by appointed counsel in the *Anders* brief. It also maintains that Williams's firearms and crack cocaine claims are procedurally defaulted, and that the court of appeals dismissed the crack cocaine claim because of Williams's own admissions. The government indicates that Williams's aiding and betting claim is difficult to interpret, but that, based on its interpretation, that claim lacks merit.

*Traverse*

Williams filed a "transverse," presenting arguments on the merits of his Fourth Amendment search claims. (Petr's Transverse 1-50.) He also includes an argument regarding post-arrest pre *Miranda* statements[4] obtained from him. (*Id.* at 51.)

***ANALYSIS***

Relief under § 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). To succeed on a §2255 motion, a convicted

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

The general rule is that an issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issues would lead to a fundamental miscarriage of justice. *Id.*

However, in *Massaro v. United States*, 538 U.S. 500, 504 (2003), the Supreme Court made clear that ineffective assistance of counsel claims are an exception to this general rule, and "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."

Under the familiar two-prong test laid out in *Strickland v. Washington,* 466 U.S. 668 (1984), a defendant must show that counsel's performance fell below minimum professional standards and that this deficient performance "prejudiced" the defendant. *Id.* at 687. In order to demonstrate "prejudice," a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Judicial review of attorney performance is highly deferential, and there is a strong presumption that the attorney's performance was reasonable. *Id.* at 689. Even if a defendant's counsel's performance was deficient, the defendant must show that there is a reasonable probability that, but for the deficient performance, the result of the


Case 2:02-cv-01186-RTR Filed 08/29/06 Page 7 of 16 Document 35

proceedings would have been different. *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Grounds one, two, four, five, six, and eight were not raised upon direct appeal. Williams does not assert that he falls into the "miscarriage of justice" exception. Therefore, such grounds are procedurally defaulted, unless Williams can show good cause for the failure to raise the claims on direct appeal and actual prejudice. *See Reed v. Farley*, 512 U.S. 339, 354-55 (1994).

Apart from that procedural bar, when a defendant enters into an unconditional plea of guilty, he waives any non-jurisdictional defect occurring before the plea. *United States v. Galbraith*, 200 F.3d 1006, 1010 (7th Cir. 2000); *United States v. Cain*, 155 F.3d 840, 842 (7th Cir. 1992). While it is true that a defendant may condition his guilty plea on his ability to seek an review of an adverse ruling, *Galbraith*, 200 F.3d at 1010, to do so effectively, "the plea must precisely identify the pretrial issues which the defendant wishes to preserve for review, and must demonstrate that a decision on one of those issues will dispose of the case." *Cain*, 155 F.3d at 842.

Nothing in the written plea agreement suggests that it was conditioned upon Williams's ability to seek review to the search of his vehicle or his residence. The plea agreement specifically states: "in entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in a pretrial motion." (R. 24 at 9.) Moreover, a review of the plea hearing transcript (R. 47), does not disclose any conditionality of the plea with respect to either Fourth Amendment issue. Thus, Williams

waived his right to object to the unconstitutionality of the search of his vehicle (ground one) and his residence (ground two) on appeal and on collateral attack. *See Cain*, 155 F.3d at 842. Williams also waived any claims under the speedy trial act. (R. 24 at 29.)

Grounds three and seven, Williams's claims of ineffective assistance of trial and appellate counsel are properly before the Court under *Massaro*, 538 U.S. at 504.

*Trial Counsel*

Williams contends that trial counsel was ineffective because he failed to file suppression motions. When the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, the court of appeals has required a defendant to prove the motion was "meritorious." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *see also Owens v. United States*, 387 F.3d 607, 610 (7th Cir. 2004). Moreover, Williams's ineffective assistance of counsel claim with respect to suppression motions is also an attempt to circumvent the plea agreement by which Williams waived the right to raise any issue that might have been raised by a pretrial motion. According to Williams's affidavit, the grounds for any such motions were known to him and discussed with trial counsel. (*See* Williams Aff. I.) Williams cannot now assert that he was prejudiced by trial counsel's performance in this regard. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (To satisfy prejudice requirement, the defendant must show that there is a reasonable probability, that but for counsel's error, he would have not pleaded guilty and would have insisted on going to trial.) Therefore, Williams may not predicate his claim for ineffective assistance of counsel on trial counsel's failure to file suppression motions.

Williams contends that trial counsel was ineffective because he failed to investigate and interview alibi witnesses. Williams avers that on April 19, 2001, he was with a friend and did not see Mr. Gayden, but that counsel did not follow up on the information. (Williams's Aff. ¶ 7.) Williams also avers that he provided trial counsel with the names, phone numbers and addresses of neighbors residing near him who were willing to speak to counsel. (*Id*. ¶ 8.) Williams also provides an unsigned, unsworn statement by Tonichera Encarnacion ("Encarnacion"), stating that on April 19, 2001, from 7:30 a.m. to 5:00 p.m., Williams was with her at an abortion clinic in Cicero, Illinois. (Exs. filed Dec. 9, 2002, Ex. 2.) Encarnacion also states that, after they left the clinic, Williams spent the remainder of the evening at her house taking care of her and their two boys. (*Id*.)

The crack cocaine offense to which Williams plead guilty occurred on April 21, 2001. Williams does not disclose any details about the information regarding April 19, 2001, which he allegedly provided to trial counsel. He does not disclose any identifying information about the witnesses or describe any information that the unnamed witnesses would have provided to counsel. Williams's allegations regarding the alibi witness are "vague, conclusory, or palpably incredible," rather than "detailed and specific." *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *see also Prewitt*, 83 F.3d at 819. He has not "allege[d] facts that, if proven, would entitle him to relief." *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994). Williams has not presented evidence suggesting that trial counsel's performance was deficient with respect to the alleged alibi witnesses. *Compare Bruce v. United States*, 256 F.3d 592, 598-99 (7th Cir. 2001).

Moreover, even if an alibi for April 19, 2001, was established, Williams's whereabouts on April 19, 2001, is only of tangential relevance. The offense to which Williams plead guilty occurred on April 21, 2001. *See Williams*, 48 Fed. Appx. at 589.

Williams also asserts that trial counsel was ineffective because he did not interview Gayden's live-in girlfriend, whom officers state was holding the drugs. (Mem. at 40.) Williams refers to exhibit one and two filed with his memorandum. (*Id*.) Williams has not provided the name of Gayden's girlfriend. The cited exhibits do not contain any indication that Gayden's girlfriend had evidence that would provide a basis for relief. *See Stoia*, 22 F.3d at 768. Thus, Williams has not demonstrated that counsel's performance was deficient with regard to Gayden's girlfriend.

Williams maintains that trial counsel was ineffective because he failed to object to the firearm enhancement and its consideration for sentence enhancement. However, trial counsel filed a written objection to that enhancement (and others). (R. 31.) Williams contended that the firearm could not provide a basis for a two level increase under the Sentencing Guidelines because he did not own or possess the firearm found during the search of his apartment. He contended that the firearm belonged to his brother and was not in the vicinity of the cocaine found in the apartment. At the sentencing hearing, Cleo Williams ("Cleo"), Williams's brother, testified. (Sentencing Tr. 7-14.) Cleo testified that he owned the firearm found in Williams's apartment and that he (Cleo) had left it in a top drawer connected to Williams's bed the evening before Williams's arrest. (*Id*.) The Court denied the objection.

(*Id*. at 46-47.) The record defeats this aspect of Williams's ineffective assistance of trial counsel claim.

Williams also contends that trial counsel was ineffective because he induced him to plead guilty because he represented that Williams would only serve ten years or less and that the government would only charge him with aiding and abetting. Williams avers that counsel mislead him to believe that by changing his plea to guilty he would only receive a ten-year sentence. (Williams Aff. I ¶ 4.) Williams, however, submits no details to support this assertion. "[M]ere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance." *United States v. Rodriguez-Luna*, 937 F.2d 1208, 1214 (7th Cir. 1991).

> [A] defendant must do more than merely allege a promise by counsel; he or she must provide some evidence that allows the court to meaningfully assess his or her claim. A defendant in such a situation might allege . . . what the terms of the alleged promises by counsel were; when, where, and by whom such promises were made; and the precise identity of any witnesses to the promise.

*Key v. United States*, 806 F.2d 133, 139 (7th Cir. 1986). In this case, Williams "has failed to supply evidence to help a court begin this inquiry." *See Rodriguez-Luna*, 937 F.2d at 1214. Thus, Williams has not shown that trial counsel's performance was deficient. *See Strickland*, 466 U.S. at 688. Moreover, at the plea hearing the Court asked: "Has anyone made any threats or promises to get you to do this aside what's contained in the plea agreement?" (Change Plea Tr. at 6.) Williams responded: "No, sir." (*Id*.)

In sum, Williams has failed to establish that trial counsel's performance was deficient. *Strickland*, 466 U.S. at 694. Furthermore, even if Williams had demonstrated that trial counsel's performance was deficient, he has not shown that there is a reasonable probability



Case 2:02-cv-01186-RTR Filed 08/29/06 Page 12 of 16 Document 35

that, but for the deficient performance, the result of the proceedings would have been different. *Id.* at 694.[5]

*Appellate Counsel*

The standards for establishing ineffective assistance of counsel when handling appeals are identical to those established by *Strickland*. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Only appellate counsel's failure to challenge "significant and obvious" issues will result in a finding of deficiency. *Id.*

Williams asserts that appellate counsel was ineffective because on appeal she did not challenge the legality of the seizure of physical evidence. However, that issue was waived by Williams's plea agreement; appellate counsel was not deficient for failing to raise the waived issue.

Williams also maintains that appellate counsel was ineffective because she failed to raise ineffective assistance of counsel claims based on trial counsel's failure to move for suppression of evidence, failure to investigate and evaluate alibi witnesses, and failure to object to crack enhancement. With the exception of Williams's contention regarding the crack cocaine enhancement, these arguments have been addressed and rejected with respect to Williams's ineffective assistance of trial counsel claim. Williams's appellate counsel cannot be deemed ineffective for choosing not to raise unappealable issues before the appeals court.

[5]Williams only mention of a different outcome is his asseveration "I never once told [appellate] counsel that I did not wish to withdraw the guilty plea." (Williams Aff. II, ¶ 7 (citing *Anders* brief at 9).) Such statement does not provide a reasonable probability that the result of the proceedings would be different.

Williams also contends that appellate counsel was ineffective because she did not challenge trial counsel as being ineffective for failure to challenge the sentencing enhancement for crack cocaine. However, appellate counsel alerted the court of appeals to the fact that Williams wanted to raise the issue. (Williams's Aff. II, Att. *Anders* Brief at 10.) Related issues were addressed by the appeals court which observed that the indictment charged Williams with possessing "crack." *Williams*, 48 Fed. Appx. at 591. The appellate court noted that the Court and counsel repeatedly mentioned "crack" at the change of plea colloquy and at sentencing. *Id*. The court also considered that, during the change of plea hearing, Williams admitted that the government was correct that he had possessed and intended to distribute "crack." *Id*. Furthermore, the appeals court noted that the plea agreement which Williams signed clearly specifies that he would plead guilty to possessing crack. *Id*. In light of the foregoing, Williams has not established that appellate counsel's performance was deficient in failing to raise this issue. Furthermore, even if Williams had established that appellate counsel's performance was deficient there is no indication that the result would be different.

With respect to his claims of ineffective assistance of trial and appellate counsel, Williams has satisfied neither the performance nor the prejudice prong of *Strickland*, and has otherwise failed to show that he is entitled to relief under § 2255. Therefore, Williams's motion for relief pursuant to § 2255 is denied.

*Motion for Enlargement of Time*

While the drafting of this decision was under active advisement, Williams filed a motion seeking an enlargement of time to submit his request for permission to amend his § 2255 motion. He states that he will clarify the issues set forth in his original § 2255 motion. Since the issues have been clearly presented, Williams's motion for enlargement of time is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Williams's motion for enlargement of time is **DENIED**,

Williams's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** and this action is **DISMISSED** with prejudice,

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of August, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

