# United States District Court

EASTERN DISTRICT OF WISCONSIN

**JUDGMENT IN A CIVIL CASE**

**UNITED STATES OF AMERICA,**

     V.                        CASE NUMBER: **02-C-1186**
                                               (**01-Cr-88**)

**BILLY DEE WILLIAMS**,

        Movant.

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came on for consideration and a decision has been rendered.

IT IS ORDERED AND ADJUDGED **that Billy Dee Williams's petition pursuant to Title 28, United States Code, Section 2255, is DENIED WITH PREJUDICE.**

**Ground (1): Movant's claim that the Police Officers violated his Fourth Amendment Rights by searching his vehicle without consent or a warrant was not raised on direct appeal and is procedurally defaulted.**

**Ground (2): Movant's claim that the search warrant for his apartment was issued in violation of his Fourth Amendment rights because the supporting affidavit did not set forth facts establishing probable cause for the search and was based on misleading and fabricated information, and the warrant did not specify the time that the search was to be conducted, was not raised on direct appeal and is procedurally defaulted.**

**Ground (3): Movant has failed to establish that trial counsel's performance was deficient in that he was denied effective assistance of trial counsel because trial counsel did not file a pretrial motion to suppress evidence seized, did not interview three witnesses, failed to object to the firearms enhancement and its consideration for sentence enhancement, and induced movant to plead guilty. Movant has failed to establish that even if trial counsel's performance was deficient, that there is a**

reasonable probability that, but for the deficient performance, the result of the proceedings would have been different.

**Ground (4): Movant's claim that his Speedy trial rights were violated was not raised on direct appeal and is procedurally defaulted.**

**Ground (5): Movant's claim that his Sentence was improperly enhanced for possessing a firearm was not raised on direct appeal and is procedurally defaulted.**

**Ground (6): Movant's claim that the Government did not prove by the preponderance of the evidence that the substance was "crack" cocaine was not raised on direct appeal and is procedurally defaulted.**

**Ground (7): Movant has failed to establish that Appellate counsel was ineffective by not challenging the legality of the seizure of physical evidence; by failing to raise ineffective assistance of counsel claims based on trial counsel's failure to move for suppression of evidence, failure to investigate and evaluate alibi witnesses. Movant has failed to establish that Appellate counsel failed to challenge trial counsel as being ineffective for failure to challenge the sentencing enhancement for crack cocaine . Movant has failed to establish that even if Appellate counsel's performance was deficient, that there is a reasonable probability that, but for the deficient performance, the result of the proceedings would have been different.**

**Ground (8): Movant's claim that the evidence is not sufficient to find that he aided and abetted in violation of 18 U.S.C. § 2 was not raised on direct appeal and is procedurally defaulted.**

This case is hereby DISMISSED.

| | |
|---|---|
|    **August 29, 2006** |  **SOFRON B. NEDILSKY** |
| Date | Clerk |
| |   s/ Linda M. Zik |
| | (By) Deputy Clerk |